RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 19 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

Donald Foxworth )
)
)
   *Plaintiff* )
) Case No 1:12-CV-1359
vs )
)
Firstsource Advantage, LLC )
)
   *Defendant* ) Trial by Jury Demanded

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLIECTION PRACTICES ACT (FDCPA) AND THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 1692k(b) and 28 U.S.C. § 1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Donald Foxworth, a natural person, who lives in Dekalb County, Georgia.

4. The Defendant in this lawsuit is Firstsource Advantage, LLC an unknown entity with offices at 205 Bryant Woods South Amherst NY 14228 3609, whose primary business is debt collection.

## VENUE

5. The occurrences which give rise to this action occurred in Dekalb County, Georgia and Plaintiff lives in Dekalb County, Georgia.

6. Venue is proper in the Northern District of Georgia, Atlanta Division.

## GENERAL ALLEGATIONS

7. Defendant started calling Plaintiff's phone on November 03, 2011 thru February 17, 2012.

8. Plaintiff has determined that his phone had been called from number(s) 678 573-1791, 678 666-0331, 678 784-0828 and 404 287-2431 which are known to be a numbers used by the Defendant in debt collection actions.

9. Plaintiff found after examination of his phone records that Defendant had called his residential phone no less than forty seven (47) times and the calls initiated with an automatic telephone dialing system were NOT for emergency purposes but were instead calls for a collection action for an unknown party named Lisa (last name unintelligible) wanting her to call a phone number in regard to an account.

10. The messages were <u>exactly the same</u> on each call with a pre-recorded female voice with a distinct accent stating that the individual named Lisa ******* (last name unintelligible) should call 888-872-1566 from Monday-Friday 8:00am-8:00pm Eastern Standard Time.

11. Plaintiff has saved all the pre-recorded voice messages and photos of the calls on his caller ID and documented the calls on a spreadsheet. See "Exhibit A".

12. None of the calls made to the Plaintiff disclosed the name of the caller, the name of the collection company they were calling for, or the nature of the business they were calling about.

13. Plaintiff has never given his prior express consent to the Defendant to call his phone or to call him utilizing an automatic telephone dialing system and has no business relationship with the Defendant where they could call the Plaintiff on any legitimate business or personal matter.

14. Plaintiff determined that the Defendant had called forty seven (47) times using a pre-recorded female voice message from November 03, 2011 until February 17, 2012 in violation of the TCPA, 47 U.S.C. § 227 (b)(1)(B). All calls received from the Defendant were for an unknown party named Lisa ******* (last name unintelligible).

15. Discovery of violations brought forth herein occurred in November of 2011 and are within the statute of limitations as defined in TCPA, 47 U.S.C. § 227.

## Count I

**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), TCPA, 47 U.S.C. § 227 WILLFUL NON-COMPLIANCE BY DEFENDANT FIRSTSOURCE ADVANTAGE, LLC**

16. Paragraphs 1 through 15 are re-alleged as though fully set forth herein.

17. Plaintiff and Defendant never had any "established business relationship" or dealings of any kind within the meaning of the TCPA, 47 U.S.C. § 227(a)(2)(A)(B).

18. Defendant used an automatic telephone dialing system to make the calls to Plaintiff's residential phone line no less than forty seven (47) times, in violation of TCPA, 47 U.S.A. § 227(b)(1)(B).

19. At no time did Plaintiff give his prior consent or permission for Defendant to call his phone no less than forty seven (47) times leaving artificial pre-recorded voice messages, not identifying the business, individual, or other entity initiating the call and during or after the message, and did not state the address of such business, other entity, or individual in violation of TCPA, 47 U.S.C. § 227(3)(A). See "Exhibit A" spreadsheet.

20. The actions of Defendant, of calling the Plaintiff's phone with no prior consent or prior relationship using an automatic telephone dialing system for a non emergency purpose with the last forty six (46) being willful violations of TCPA, 47 U.S.C. § 227(b)(3)(C) was an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant in the amount of $500 for the first call to the Plaintiff where a prerecorded voice message was used pursuant to 47 U.S.C. § 227 (b)(3)(B) and $1500 per call thereafter for the other forty six (46) subsequent calls where a prerecorded voice message was willfully used over and over pursuant to 47 U.S.C. § 227 (b)(3)(C) plus all costs, fees and any attorney's fees.

## Count II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 BY DEFENDANT FIRSTSOURCE ADVANTAGE, LLC

21. Paragraphs 1 through 20 are re-alleged as though fully set forth herein.

22. The Defendant was in violation of FDCPA, 15 U.S.C. § 1692b(1), <u>on each and every call</u> (see "Exhibit A") when the person calling failed to identify themselves, failed to identify the name of the debt collector, and failed to state that they were confirming or correcting location information concerning the Plaintiff.

23. Every pre-recorded call was the same female voice message, which never identified the caller, her employer, or the nature of the business they were calling about and all calls were made without prior express consent from the Plaintiff.

    Plaintiff did save all the recorded messages as well as photos of his caller ID of all of the calls.

24. Defendant was in violation of FDCPA, 15 U.S.C. § 1692d(6), when it placed forty seven (47) telephone calls to the Plaintiff's home phone without disclosing the identity of the caller, the name of the debt collection company or the nature of their business on ANY of the calls placed.

25. The Plaintiff never had a conversation with a live person on any of the forty seven (47) calls from the Defendant but took the calls several times to listen and did record them to document that no disclosure of the individual's

name, the name of the debt collector, or the nature of the debt collector's business was provided on ANY of the calls placed.

26. In the initial communication on November 03, 2011 at 12:13:50 PM the Defendant failed to provide the required disclosure that they were attempting to collect a debt and any information obtained would be used for that purpose which was a violation of 15 U.S.C. § 1692e(11). In all forty six (46) subsequent calls the Defendant also failed to disclose that the calls were from a debt collector, also in violation of 15 U.S.C. § 1692e(11).

WHEREFORE, Plaintiff demands judgment for damages against Defendant for statutory damages of $1000.00 to be determined by this honorable court, any attorney's fees, and costs pursuant to FDCPA, 15 U.S.C. § 1692k.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: April 19, 2012

Respectfully Submitted,

*[signature]*
Donald Foxworth
3841 Kensington Road
Decatur, Georgia 30032
(404) 984-4030

Service to:

FIRSTSOURCE ADVANTAGE, LLC
205 BRYANT WOODS SOUTH
AMHERST, NEW YORK 14228 3609
(716) 564-4400