## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DONALD FOXWORTH**

    **Plaintiff,**

**v.**

**FIRSTSOURCE ADVANTAGE, LLC**

    **Defendant.**

**CIVIL ACTION**
**FILE NO. 1:12-cv-01359-SCJ-RGV**

## DEFENDANT FIRSTSOURCE ADVANTAGE, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Firstsource Advantage, LLC, Defendant in the above-referenced action (hereinafter "Defendant"), and files this Answer in response to the Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 *et seq.,* was not intentional and was the result of a *bona fide* error notwithstanding the maintenance

- 1 -

of procedures reasonably adapted to avoid any such error.  Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

### THIRD DEFENSE

Plaintiff has not been damaged; therefore, Plaintiff may not recover against Defendant.

### FOURTH DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring him to submit his claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

### FIFTH DEFENSE

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

### JURISDICTION

1.      Defendant admits that Plaintiff's claims asserted under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., raise federal questions.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

## PARTIES

3.      Defendant admits Donald Foxworth is the Plaintiff in the above styled action.  Defendant lacks knowledge as to the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant admits Firstsource Advantage, LLC, has an office at 205 Bryant Woods South, Amherst, New York 14228 and further admits that a purpose of its business includes the collection of unpaid accounts.

## VENUE

5.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## GENERAL ALLEGATIONS

7.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's Complaint.  To the extent the allegations contained in Paragraph 14 require Defendant to state a legal conclusion, Defendant denies same.

15.     The allegations contained in Paragraph 15 of Plaintiff's Complaint relate to a legal conclusion to which Defendant is under no known obligation to respond.  To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## Count I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), TCPA, 47 U.S.C. § 227 WILLFUL NON-COMPLIANCE BY DEFENDANT FIRSTSOURCE ADVANTAGE, LLC

16.    Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

17.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.    The allegations contained in Paragraph 20 of Plaintiff's Complaint relate to a legal conclusion to which Defendant is under no known obligation to respond.  To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

## Count II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 BY DEFENDANT FIRSTSOURCE ADVANTAGE, LLC

21.    Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of Plaintiff's Complaint.

## **DEMAND FOR TRIAL BY JURY**

27.     The statements contained in Paragraph 27 of Plaintiff's Amended Complaint require no response on the part of Defendant.

28.     Defendant denies any and all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

This 2nd day of July, 2012.          Respectfully submitted,

**BEDARD LAW GROUP, P.C.**

<u>/s/ John H. Bedard Jr.</u>
John H. Bedard, Jr.
Georgia Bar No. 043473
Michael K. Chapman
Georgia Bar No. 322145
Kyle J. Vits
Georgia Bar No. 824781

2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871
Facsimile: (678) 253-1873
jbedard@bedardlawgroup.com
mchapman@bedardlawgroup.com
kvits@bedardlawgroup.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DONALD FOXWORTH**

    **Plaintiffs,**

                                **CIVIL ACTION**
**v.**                           **FILE NO. 1:12-cv-01359-SCJ-RGV**

**FIRSTSOURCE ADVANTAGE,**
**LLC**

    **Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served all parties of record with a copy of Defendant Firstsource Advantage, LLC's Answer to Plaintiff's Complaint by depositing a copy of same in the United States Mail, with first-class postage affixed thereto, properly addressed as follows:

Donald Foxworth
3841 Kensington Road
Unit D29
Decatur, Georgia 30032

*Plaintiff Pro Se*

This 2nd day of July, 2012.        Respectfully submitted,

                                     **BEDARD LAW GROUP, P.C.**

                                     /s/ John H. Bedard Jr.
                                     John H. Bedard, Jr.
                                     Georgia Bar No. 043473