# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DONALD FOXWORTH

    Plaintiffs,

v.

FIRSTSOURCE ADVANTAGE, LLC

    Defendant.

CIVIL ACTION
FILE NO. 1:12-cv-01359-SCJ-RGV

## DEFENDANT FIRSTSOURCE ADVANTAGE, LLC'S
## INITIAL DISCLOSURES

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Answer – Defendant has not been improperly identified.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

...

**Answer – At this time, Defendant does not contend that any necessary parties to this action have been omitted by Plaintiff in his complaint.**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Answer – Plaintiff alleges he received automated telephone collection calls to his residence, which relate to an unpaid account belonging to another individual.  Plaintiff claims as a result of the collection activity he has suffered numerous damages.  Defendant asserts any automated telephone collection calls made to Defendant are exempt from the TCPA pursuant to Meadows v. Franklin Collection Serv.,** *Meadows v. Franklin Collection Serv.*, **414 Fed. Appx. 230 (11th Cir. Ala. 2011). Furthermore, Defendant asserts any telephone calls made in violation of the Fair Debt Collection Practices Act, which defendant denies occurred, was not intentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.**

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative law which defendant contends are applicable to this action.

**Answer – Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227** *et seq.***, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692** *et seq.***,** *Meadows v. Franklin Collection Serv.***, 414 Fed. Appx. 230 (11th Cir. Ala. 2011),** *Westra v. Credit Control of Pinellas***, 409 F.3d 825 (7**th **Cir. 2005),** *Jordan v. Equifax Information Services***, 410 F. Supp. 2d 1349, 1355-1356 (N.D. Ga. 2006),** *Biggs v. Credit Collections, Inc.,* **2007 U.S. Dist. LEXIS 84793 (2007),** *Jeter v. Credit Bureau***, 760 F.2d 1168, 1179 (11th Cir. 1985);** *Edwards v. Niagara Credit Solutions, Inc.,* **2009 U.S. App. LEXIS 22500; 22 Fla. L. Weekly Fed. C 179 (2009).**

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**Answer – Please see Attachment A attached hereto. Defendant intends to supplement this response as discovery reveals additional information responsive to this Disclosure.**

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all

experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Answer – None at this time.  Defendant will supplement this response to Initial Disclosure No. (6) when it has retained such an expert.  There is no Exhibit B attached.**

(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subject of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Answer – None at this time.  Defendant will supplement this response to Initial Disclosure No. (7) as discovery reveals additional information responsive to this Disclosure.  There is no Attachment C.**

(8) In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is base, including materials bearing on the nature and extent of injuries suffered, making such documents or

evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Answer – No damages have been claimed by Defendant at this time.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Answer – At this time Defendant does not contend that another person or legal entity is liable to the plaintiff or defendant.**

(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Answer – Defendant will provide documents responsive to this request under separate cover.**

This 10th day of August, 2012.            Respectfully submitted,

                                                                  **BEDARD LAW GROUP, P.C.**

                                                                  /s/ John H. Bedard Jr.
                                                                  John H. Bedard, Jr.

        Georgia Bar No. 043473
        Michael K. Chapman
        Georgia Bar No. 322145
        Kyle J. Vits
        Georgia Bar No. 824781

2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871
Facsimile: (678) 253-1873
jbedard@bedardlawgroup.com
mchapman@bedardlawgroup.com
kvits@bedardlawgroup.com

## **Attachment A**

Defendant responds to Initial Disclosure No. (5) as follows:

1. Donald Foxworth

   Plaintiff has knowledge concerning the claims alleged in his Complaint, including the basis for Defendant's alleged liability, the nature and extent of his damages, as well as, knowledge of any documentation regarding same.

2. Firstsource Advantage, LLC

   Representatives of Firstsource Advantage, LLC have knowledge of the facts underlying the allegations in Plaintiff's Complaint and of the claimed damages.

3. Any and all individuals identified by Plaintiff.

4. Any and all individuals, the identity of whom is yet to be determined.

5. Any and all individuals whose knowledge of relevant matters is yet to be determined.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD FOXWORTH<br><br>    Plaintiffs,<br><br>v.<br><br>FIRSTSOURCE ADVANTAGE, LLC<br><br>    Defendant. | CIVIL ACTION<br>FILE NO. 1:12-cv-01359-SCJ-RGV |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served all parties of record with a copy of Defendant Firstsource Advantage, LLC's Initial Disclosures by depositing a copy of same in the United States Mail, with first-class postage affixed thereto, properly addressed as follows:

Donald Foxworth
3841 Kensington Road
Unit D29
Decatur, Georgia 30032
*Plaintiff Pro Se*

This 10th day of August, 2012.     Respectfully submitted,

**BEDARD LAW GROUP, P.C.**

/s/ John H. Bedard Jr.
John H. Bedard, Jr.
Georgia Bar No. 043473

8