IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD FOXWORTH<br><br>    Plaintiffs,<br><br>v.<br><br>FIRSTSOURCE ADVANTAGE, LLC<br><br>    Defendant. | CIVIL ACTION<br>FILE NO. 1:12-cv-01359-SCJ-RGV |

**DEFENDANT'S PRELIMINARY REPORT AND DISCOVERY SCHEDULE**

**1.   Description of Case:**

**(a) Describe briefly the nature of this action.**

Plaintiff alleges Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**Defendants' Summary:**

Plaintiff alleges he received automated telephone collection calls to his residence, which relate to an unpaid account belonging to another individual.

Plaintiff claims as a result of the collection activity he has suffered numerous damages. Defendant asserts any automated telephone collection calls made to Defendant are exempt from the TCPA pursuant to Meadows v. Franklin Collection Serv., Meadows v. Franklin Collection Serv., 414 Fed. Appx. 230 (11th Cir. Ala. 2011). Furthermore, Defendant asserts any telephone calls made to violation of the Fair Debt Collection Practices Act, which defendant denies occurred, was not intentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**(c) The legal issues to be tried are as follows:**

1) Whether Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3);

2) Whether Defendant was engaged in the collection of a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5);

3) Whether the Plaintiff is entitled to actual damages pursuant to FDCPA, 15 U.S.C. § 1692k;

4) Whether the Plaintiff is entitled to statutory damages pursuant to FDCPA, 15 U.S.C. § 1692k;

5) The amount of statutory damages to be awarded to the Plaintiff;

6) The amount of attorney's fees and costs to be awarded, if any, in this action pursuant to FDCPA, 15 U.S.C. §1692k.

7) Whether Plaintiff has been damaged;

8) Whether Plaintiff's account is a "debt" under the FDCPA;

9) Whether Defendant was the cause of any damage asserted by Plaintiff;

10) Whether Defendant violated §1692b(1) of the Fair Debt Collection Practices Act;

11) Whether Defendant violated § 1692d(6) of the Fair Debt Collection Practices Act;

12) Whether Defendant violated § 1692e(11) of the Fair Debt Collection Practices Act;

13) Whether Defendant violated § 227(b)(1)(B) of the Telephone Consumer Protection Act;

14) Whether Defendant violated § 227(b)(1)(C) of the Telephone Consumer Protection Act;

15) Whether Defendant is entitled to damages pursuant to § 227(b)(3) of the Telephone Consumer Protection Act;

**(d) The cases listed below (include both style and action number) are:**

      **(1) Pending Related Cases:**

None.

      **(2) Previously Adjudicated Related Cases:**

None.

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

This case is not complex.

   \_\_\_ **(1) Unusually large number of parties**

   \_\_\_ **(2) Unusually large number of claims or defenses**

   \_\_\_ **(3) Factual issues are exceptionally complex**

   \_\_\_ **(4) Greater than normal volume of evidence**

   \_\_\_ **(5) Extended discovery period is needed**

   \_\_\_ **(6) Problems locating or preserving evidence**

   \_\_\_ **(7) Pending parallel investigations or action by the government**

   \_\_\_ **(8) Multiple use of experts**

   \_\_\_ **(9) Need for discovery outside United States boundaries**

   \_\_\_ **(10) Existence of highly technical issues and proof**

3. **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Pro Se Plaintiff:				Donald Foxworth
						3841 Kensington Road
						Unit D29
						Decatur, Georgia 30032

Defendant:					John H. Bedard Jr.
						jbedard@bedardlawgroup.com

						Michael K. Chapman
						mchapman@bedardlawgroup.com

						Kyle J. Vits
						kvits@bedardlawgroup.com

						Bedard Law Group, P.C.
						2810 Peachtree Industrial Blvd.
						Suite D
						Duluth, GA 30097
						Telephone:  (678) 253-1871
						Facsimile:  (678) 253-1873

**4.	Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

**___Yes   X  No.**

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims,**

identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   (a) The following persons are necessary parties who have not been joined:

   None.

   (b) The following persons are improperly joined as parties:

   None.

   (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

   None.

   (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

   Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:**

None at this time.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed **WITHIN THIRTY (30) DAYS** after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).

**(a)** *Motions to Compel:*  before the close of discovery or within the extension period allowed in some instances.  Local Rules 37.1.

**(b)** *Summary Judgment Motions:*  within thirty (30) days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.

**(c)** *Other Limited Motions:* **Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)** *Motions Objecting to Expert Testimony:* <u>**Daubert**</u> **motions with regard to expert testimony no later than the date that the proposed order is submitted. Refer to Local Rule 7.2F.**

**8.    Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects to that initial disclosures are not appropriate, state the party and basis for the party's objection.**

The parties do not object to serving initial disclosures.

**9.    Request for Scheduling Conference:**

**Does either party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not at this time; however, all parties reserve the right to request a conference to address scheduling and discovery matters at a later time.

**10.   Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks:  (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

**<u>Defendant:</u>**

Plaintiff's telephone bills and telephone service.  Plaintiff's telephone recordings.  Plaintiff's pictures of his caller identification device.  All records or memorializations of the calls Plaintiff alleges to have received.  The identity of all persons with knowledge of the facts alleged in the complaint.  Plaintiff's alleged damages.  All communication between Plaintiff and Defendant.  The identity of all persons with whom Plaintiff has disclosed the existence of any facts asserted in the complaint.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

At this time, the Defendant does not anticipate the need for additional time. The Defendant requests the right to seek leave of the Court to extend the Discovery period if necessary. Currently, discovery is scheduled to end on November 29, 2012.

**11.   Discovery Limitations and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None at this time.

**(b) Is any party seeking discovery of electronically stored information?**

 _X_  Yes        _____ No

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, data limitations, or key witnesses)**

as follows:

Discussions are on-going.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

Discussions are on-going.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.   Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?**

Defendant asserts the need for a protective order to be entered by the Court to protect against public disclosure of certain confidential and proprietary information which the Defendant anticipates will be requested by the Plaintiff in discovery.

**13.   Settlement Potential:**

(a)  **Lead counsel for Plaintiff and Defendant certify by their signatures below that they conducted a Rule 26(f) conference that was held on DATE\* and that they participated in settlement discussions.**

*Plaintiff is proceeding in a pro se capacity.

(b) **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

( X ) **A possibility of settlement before discovery.**

( X ) **A possibility of settlement after discovery.**

(__) **A possibility of settlement, but a conference with the judge is needed**.

(__) **No possibility of settlement**.

(c) **Counsel ( X ) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.**

(d) **The following specific problems have created a hindrance to settlement of this case.**

None.

**14.    Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court

(b) The Defendant (__X__) does not consent to having this case tried before a magistrate judge of this Court.

**Dated: August 10, 2012.**

**BEDARD LAW GROUP, P.C.**

By:   /s/ John H. Bedard Jr.
      John H. Bedard Jr.
      Georgia Bar No. 043473
      2810 Peachtree Industrial Blvd.,
      Suite D
      Duluth, Georgia 30097
      Telephone:  (678) 253-1871
      Facsimile: (678) 253-1873
      jbedard@bedardlawgroup.com

      Counsel for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONALD FOXWORTH**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**FIRSTSOURCE ADVANTAGE, LLC**<br><br>    **Defendant.** | **CIVIL ACTION**<br>**FILE NO. 1:12-cv-01359-SCJ-RGV** |

**\* \* \* \* \***
## SCHEDULING ORDER

Upon review of the information contained in the Preliminary Report and Discovery Schedule, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

Discovery shall end November 29, 2012.

**IT IS SO ORDERED, this _____ day of _____, 2012.**

_____
**UNITED STATES DISTRICT JUDGE**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONALD FOXWORTH**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**FIRSTSOURCE ADVANTAGE, LLC**<br><br>    **Defendant.** | **CIVIL ACTION**<br>**FILE NO. 1:12-cv-01359-SCJ-RGV** |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served all parties of record with a copy of Defendant Firstsource Advantage, LLC's Preliminary Report and Discovery Schedule by depositing a copy of same in the United States Mail, with first-class postage affixed thereto, properly addressed as follows:

Donald Foxworth
3841 Kensington Road
Unit D29
Decatur, Georgia 30032
*Plaintiff Pro Se*

This 10th day of August, 2012.

Respectfully submitted,

**BEDARD LAW GROUP, P.C.**

/s/ John H. Bedard Jr.
John H. Bedard, Jr.
Georgia Bar No. 043473